## WILLIAMS vs. HOGEBOOM.

It is no objection to the fil ng of a creditor's bill, that the sheriff returned the execution on its return day, if the bill is not filed until after such return day.

The defendant in a creditor's bill cannot take advantage of a mere irregularity in the return day of the execution at law ; the execution not being void but merely voidable, the remedy of the defendant is to apply to the court of law to have such execution set aside for irregularity, and then to set that fact up as a defence to the creditor's bill.

Where the execution was in fact issued to the sheriff of the county in which the defendant resided, if the complainant in a creditor's bill has, through inadvertence, neglected to state that fact in the bill, he will be permitted to amend.

THIS was an application, upon a creditor's bill, for the appointment of a receiver. The judgment against the defendant was recovered in the supreme court, in a suit commenced previous to the first of June, 1840, when the " act concerning costs and fees in courts of law and for other purposes," went into effect. On the 6th of July, 1840, an execution was issued upon the judgment, directed to the sheriff of the county of Columbia, and such execution was made returnable on the 11th of the same month ; instead of sixty days from the receipt of the execution by the sheriff,

as directed by the 24th section of the said act. On the return day of the execution, the sheriff returned it unsatisfied, and three days thereafter the bill in this cause was filed.

*J. Rhoades*, for the complainant.

*A. P. Holdredge*, for the defendant.

THE CHANCELLOR. The objection that the complainant has not exhausted his remedy at law, because the sheriff did not wait till after the return day of the execution before he made his return thereon, is not well taken. The sheriff is authorized to make and file his return to process either on or after the return day thereof; although this court will not permit a creditor's bill, founded upon such return, to be filed here until the return day of the execution is past. (*Cassidy* v. *Meacham*, 3 *Paige's Rep.* 311.) Here the execution was returnable, and had been returned unsatisfied, several days previous to the time of filing the complainant's bill ; so that the defendant, if he wished to save costs in this court by paying the debt, had sufficient time for that purpose, if the execution was not irregular.

It is insisted, however, that the execution should have been made returnable sixty days from the time it was received by the sheriff ; and that being made returnable on a day certain, which was only five days after the teste, the execution was void. In the recent case of *Freeland & Hoffman* v. *Nott*, (*ante*, *p.* 431,) I came to the conclusion that the recent statute did not intend to prescribe different modes of entering and docketing judgments and decrees, and of issuing executions, &c. in suits commenced before, and after, the 1st of June, 1840 ; so as to have one class of judgments, recovered after that time, docketed as formerly, and another class docketed in the county clerks' offices only. If I was right in the construction of the statute, it follows that the execution in this case should have been made returnable according to the directions contained in the 24th section. (*Laws of* 1840, *p.* 334.) And if the ir-

regularity was such as to render the execution void, and not merely voidable, then the bill in this case was prematurely filed and cannot be sustained. But as every court of record, of general jurisdiction, must judge of the regularity of its own proceedings, if the mistake in the return day of this execution did not render the process actually void, the remedy of the defendant, if he has any, is by an application to the supreme court to set aside the execution for the irregularity.

In the case of *Drake* v. *Miller*, which came before the supreme court in October term, 1799, where a certiorari was made returnable " before us," &c. instead of being returnable " before our justices of our supreme court," &c. as directed by the act of January, 1797, it was held that process which did not conform to the statute was void. (*Colem. Cas.* 85.) But in *Williams* v. *Rogers*, (5 *John. Rep.* 167,) which came before the same court ten years afterwards, upon a similar mistake in the return of process, the case of *Drake* v. *Mitchell* was in effect overruled. And the court declared the execution voidable merely, but not void. A similar decision was made in the cases of *Scott* v. *Shaw*, (13 *John. Rep.* 378,) and of *Hinman* v. *Breese*, (*Idem*, 529,) where the ca. sa. had been issued, in a bailable action, without the previous return of a fi. fa. unsatisfied, as directed by the statute on that subject. And it now appears to be fully settled in this state, as well as in England, that a mistake in the return day of an execution issuing out of a court of record of general jurisdiction is not void ; but is only voidable upon an application to the court to set the same aside for irregularity. (*See Atkinson* v. *Newton*, 2 *Bos. & Pul.* 336. *Reddell* v. *Pakeman*, 1 *Gale's Exc. Rep.* 104. *Cramer* v. *Van Alstyne*, 9 *John. Rep.* 386. *Tidd's New Prac.* 104.) I am satisfied, therefore, that a neglect to make an execution returnable at the end of the sixty days, from the receipt thereof by the sheriff, renders it irregular merely. And that the execution is not void, so as to make the attorney issuing it and the party in whose favor it is issued trespassers ; with-

out the necessity of an application to the court, to set aside the execution for the irregularity ; and where the irregularity may be cured by such court, by amendment.

In cases of this kind, this court will not undertake to decide upon the regularity of the proceedings of a court of co-ordinate jurisdiction ; but in a proper case will stay the proceedings on the creditor's bill here for a sufficient length of time, to enable the defendant to apply to that court for relief. If the supposed regularity of the execution only were in question in this case, therefore, it would be the duty of the court to disregard that objection entirely ; or to suspend the decision upon this application until after the next motion term of the supreme court, to enable the defendant to make his application there to set aside the execution.

The counsel for the defendant, however, has called the attention of the court to the fact, that there is no allegation in the bill that the execution was directed to the sheriff of the county where the defendant resided when it was issued. As this is a matter of form merely, if the defendant was in fact a resident of Columbia county at that time, the complainant will of course be permitted to amend his bill, by inserting the proper averment as to the defendant's residence, and to renew the application upon such amended bill, in case the defendant does not succeed in his application to the supreme court to set aside the execution, and the return thereof by the sheriff. The application for a receiver is therefore denied, but without costs; and with liberty to the complainant to renew the application at any time after the motion term of the supreme court in September next.