## PLATT *vs.* CADWELL & ROSSITER.

Where an execution upon a judgment at law is made returnable in sixty days after its receipt by the sheriff, and such execution is returned unsatisfied, the plaintiff in the judgment may file a creditor's bill in this court founded upon such return at any time after the expiration of the sixty days, although the execution was actually returned by the sheriff before the sixty days had expired. If the return of the sheriff in such a case is irregular, the remedy of the defendant is to apply to the court of law to set aside the return for irregularity.

Where a creditor's bill is filed in the court of chancery, founded upon an improper or an irregular return of an execution by the sheriff, the court of chancery will stay the proceedings upon the bill a reasonable time, to enable the defendant to apply to the court of law to set aside the sheriff's return upon the execution; where there is a reasonable probability that the court of law will grant such application.

*January 24.* THIS case came before the court upon a demurrer to an ordinary creditor's bill, filed against the judgment debtors, as to both of whom executions had been returned unsatisfied. The grounds of the demurrer were, that the executions were made returnable sixty days after the receipt thereof by the sheriff, according to the directions of the act of May 14th, 1840, (*Laws of* 1840, *p.* 334, § 24,) and that the sheriff actually returned the executions before the expiration of the sixty days; although the complainant's bill was not filed until more than sixty days had elapsed after the delivery of the executions to the sheriff.

*C. A. Mann*, for the complainant.

*A. W. Bradford*, for the defendants.

THE CHANCELLOR. This court does not inquire into the regularity of the proceedings of courts of co-ordinate jurisdiction. And the return of the executions in this case, even if they were liable to be set aside for irregularity by the court out of which they issued, were not void. The complainant, therefore, after the return day was past, had a right to consider his remedy at law as exhausted, and to file his bill here to reach the effects of the defendant which could not be levied on by the sheriff. And if the filing of the executions, with the return endorsed thereon, before the expiration of the sixty days, was irregular, the defendant must apply to the court of law to set aside the returns. (*Williams* v. *Hogeboom*, 8 *Paige's Rep.* 469.) All that this court can do in such a case is to compel the complainant to wait until after the return day of the execution is past before he files his bill here. (*Cassidy* v. *Meacham*, 3 *Idem*, 311.) And it will, when necessary, stay the proceedings here a sufficient length of time to give the defendant an opportunity to apply to the court of law for relief, where there is a probability that such relief will be granted.

Demurrer overruled with costs.