The Vice-Chancellor.
The objection, that the execution was made returnable in less than sixty days, is not valid. The defect in the writ makes it irregular, and not void, and the defendant’s remedy was by a motion to set it aside in the court whence it issued. ( Williams v. Hogeboom, 8 Paige, 469.)
The objection to the injunction, presents a more difficult point. It is true that the sixty-third section of the statute relative to uses and trusts, (1 R. S. 730,) provides that persons beneficially interested in trusts for the receipt of the rents and profits of lands, cannot assign, or in any manner dispose of, such interest. But the fifty-seventh section of the same statute, enables creditors to reach the surplus of such rents and profits, beyond the sum that may be necessary for the education and support of the person for whose benefit the trust is created.
The chancellor, in Hallett v. Thompson, (5 Paige, 583,) holds, that similar trusts for the application of the income of personal property, are subject to the sections which I have cited from the statute relative to uses and trusts.
In this case, so far as it is now properly before me, it seems that the defendant’s annuity of $2500, under his father’s will, proceeds from a trust of both real and personal property. And *353 beyond what is necessary for his support, and that of his family, (there appearing to be no provision for the accumulation of the surplus,) the annuity is subject to the claims of his creditors in the same manner as other things in action.
The exception in' the thirty-eighth section of the title of the revised statutes relative to the court of chancery, exonerating from creditors suits, a trust fund created by or proceeding from, some person, other than the judgment debtor, (2 R. S. 174,) is to be taken in connection with the statute as to uses and trusts ; and thus construed, it is limited to the portion of the trust fund necessary for the support and maintenance of the debtor and his family. I do not see how the right of creditors to the surplus is to be protected in such a case, if the injunction contains the exception in the words of the thirty-eighth section of the statute relative to this court. Before it can be ascertained whether there be any, and what surplus, the fund will be dissipated and gone. Nor will it answer any better purpose, to insert a qualification, so that the injunction shall apply to all the fund, except what is necessary for the party’s support. This will leave him to be the judge of his own necessities in that behalf, and the result in general would be, that no surplus would actually remain. In order to do entire justice to the creditor, as well as the beneficiary, I think that when the bill shows presumptively, that there is, or should be, such a surplus, the injunction must go without qualification ; or be limited so as to restrict the debtor from using any more than a specified portion of the trust fund. Either party may, under the clause last suggested, apply summarily for relief, and until the extent of the party’s support be ascertained in the proper mode, the court can take care, on the one hand, that he shall not be left wholly destitute; and on the other, that his creditors shall not be remediless.
In this instance, there should be some modification of the injunctions, and I will hear the parties on that point, on settling the order.
The motion to dissolve the injunctions are denied, without costs.(a)

 See these cases on an appeal from a subsequent order of the vice-chancellor, Silleck v. Mason, 2 Barb. Ch. R. 79.