## SUPREME COURT.

### LIVINGSTON AND MITCHELL agt. CLEAVELAND.

The Code (§ 290) requires that "the execution shall be returnable within sixty days after its receipt by the officer," &c. Upon the proper return of the execution, therefore, by the sheriff at *any time within* the 60 days proceedings supplementary to execution (in the nature of a creditor's bill) may be commenced.

Prior to the act of 1840 executions were made returnable on a particular day in term. And by the act of 1840 they were made returnable sixty days from the receipt thereof by the sheriff. A creditor's bill could not properly be filed in such cases until after the *return* day.

*Chenango General Term, January* 1851. MASON, SHANKLAND and MONSON, *Justices.*

SEDGWICK & OUTWATER, *for Plaintiffs.*

DILLAYE & THORN, *for Defendant.*

By the Court, MASON, *P. J.*—The case comes before the court on an appeal from an order appointing a receiver on proceedings supplementary to the execution. The only objection to the *order is that the* execution was returned, and these proceedings instituted before the expiration of the sixty days, and consequently that these proceedings were prematurely commenced, and that the order based upon them is erroneous. The counsel for the appellant insists that these proceedings supplementary to the execution are but a substitute for the creditor's bill under the old practice, and that the decisions of the late chancellor in the cases of Cassidy vs. Meacham (3 *Paige R.* 311), and Williams vs Hogeboom (8 *Paige,* 469), are decisive of the case under consideration. These cases hold that a creditor's bill could not be filed until after the return day of the execution issued upon the complainant's judgment, although the execution should be actually returned before that time. The 41st section 2 R. S. 174, which allowed the filing of a creditor's bill whenever an execution against the property of the defendant shall have been issued on the judgment at law and shall have been returned unsatisfied, in whole or in part, is substantially the same as section 292 of

Livingston and Mitchell agt. Cleaveland

the present Code, which allows these proceedings supplementary to the execution whenever an execution against the property of the judgment debtor shall be returned unsatisfied, in whole or in part. The filing of the creditor's bill under the former statute, required that the plaintiff should exhaust his legal remedies before he should be allowed to come into a court of equity and invoke the aid of the court in divesting the debtor of his property by a summary appointment of a receiver; and the present Code of procedure, as prescribed by this 292d section, contemplates that the judgment creditor shall in like manner exhaust his remedy at law by the issuing and return of an execution upon his judgment at law before he shall be allowed to institute the severe and summary proceedings allowed by chapter 2 title 9 of the Code. And the chancellor held, in the cases above referred to, that this relief in equity by creditor's bill should not be allowed until there was a fair exhaustion of the legal remedies upon the judgment, and that such legal remedies were not exhausted when the execution was returned before the return day thereof.

This rule is undoubtedly applicable to the proceedings supplementary to the execution under the 292d section of the Code, and the above cases decided by the late chancellor, are controlling authority under the present practice allowed by the 292d section of the Code, unless the change of our statute in relation to the form and return of the execution shall be deemed to have rendered those decisions inapplicable to the present practice. It should be borne in mind that prior to the statute of 1840 (*Laws of* 1840, *p.* 334, § 24), writs of execution were only made returnable in term time, and were required to be made returnable on a particular day, and by the said 24th section of the statute of 1840 such writs were required to be made returnable sixty days from the receipt thereof by the sheriff. It will be seen, therefore, that by the very frame of the execution under these former statutes, that the writ contained no mandate to the sheriff to return it in the one case till the actual return day thereof, and in the other until the end of sixty days from the receipt thereof by the sheriff; and that consequently the sheriff may well be said

Livingston and Mitchell agt. Cleaveland.

to have returned the execution prematurely, if he returned the same before the return day named in the one case, and before the expiration of the sixty days in the other.   The 244th section of the Code of procedure of 1848 (*Laws of* 1848, *p.* 542), which prescribed the form of the execution, was entirely silent as to the return day thereof, but the 245th section provided that the sheriff should in all cases return the execution within sixty days after its receipt.   The omission in the act of 1848 is provided for by the amended Code of 1849 (*Laws of* 1849, *p.* 672, § 289 and 290), which requires the execution to contain the mandate that it shall be returned within sixty days from the receipt thereof by the sheriff.   The mandate of the execution under the Code of 1849, therefore, requiring the sheriff to return it within sixty days, and he might consequently legally return it at any time within the sixty days, whenever he had made diligent search for property and became satisfied that the defendant had not property to satisfy the same, or any part thereof; and the day on which the sheriff should make such a return may well be regarded as a proper return day of the execution.   It follows, therefore, that as we are to presume that the sheriff has done his duty in searching for property when he has made his return of nulla bona, that we must regard the legal remedies of the plaintiffs as exhausted before these proceedings supplementary to the execution were instituted. If I am correct, therefore, in the views above expressed, this order must be affirmed; and I see no reason why the respondent should not have his costs upon the appeal.   The order, therefore, is affirmed, with ten dollars costs.