STILLMAN ROBERTS & al., scire facias, versus AMOS KNIGHT.

A writ of scire facias cannot be lawfully issued against one who has been adjudged a trustee, before the return day of the execution against the principal defendant.

ON EXCEPTIONS to the ruling of HATHAWAY, J.

THIS was an action of scire facias against the defendant as trustee of one McDonald.

The defendant demurred to the writ, and the demurrer was joined. The presiding Justice overruled the demurrer, and adjudged the declaration to be good, and the defendant excepted. The declaration alleged, inter alia, that execution was issued against McDonald as principal and the defendant as trustee, Nov. 14, 1857; that an officer made demand upon the defendant, Dec. 10, 1857; and, on the same day, the officer made his return on said execution, that the defendant refused to deliver or expose to him any goods or credits of said McDonald.

The writ of scire facias was sued out Dec. 29, 1857, as appeared by its date.

*S. L. Carleton,* for plaintiffs.

Plaintiff may sue out scire facias against a trustee after demand by the officer holding the execution, and it is returned unsatisfied. R. S., 1840, c. 119, § 74; R. S., 1858, c. 86, § 67.

And after return of execution, even before its return day. *Grose* v. *Hill,* 36 Maine, 22 ; *Whitney* v. *Hammond,* 44 Maine, 305.

*Fessenden & Butler,* for defendant.

The opinion of the Court was drawn up by

DAVIS, J. — The only question presented by the pleadings is this — can a writ of scire facias be lawfully issued against one who has been adjudged a trustee, before the return day of the execution against the principal defendant?

In this case, a demand was duly made upon the defendant, and the execution returned before the writ of *scire facias* was sued out. But, the return day of the execution did not occur until February 14th, 1858; and the writ was issued December 29th, 1857.

Before such a writ can be sued out, the statute requires, that the "execution be returned unsatisfied." R. S., c. 86, § 67. Until that is done, it is uncertain whether it may not be satisfied by the principal defendant. Nor can this uncertainty be removed until the return day of the execution. If, in fact, returned before, it may be re-issued; as it is only when the officer has used the power conferred by the process during the whole time given to him that he can return it unsatisfied, within the meaning of the statute. *Adams* v. *Cummiskey*, 4 Cush., 420.

*Demurrer sustained ;— Declaration adjudged bad ;—*
*Judgment for the defendant.*

Tenney, C. J., Rice, Appleton, Goodenow and Kent, JJ., concurred.