Marks v. Hardy.

## MARKS v. HARDY, *Appellant.*

1. **Corporation:** STOCKHOLDER: ABATEMENT. A proceeding by motion under Revised Statutes, section 736, to subject a stockholder to execution on a judgment against the corporation to the extent of the unpaid balance of his stock, does not abate on the death of the stockholder.

2. **Motion Against Stockholder for Unpaid Stock Subscription:** DEATH OF STOCKHOLDER. While such execution cannot issue against the estate of the deceased stockholder on the final adjudication on the motion, yet such adjudication may be regarded as a demand against the estate, and be classed as such.

3. ———: RETURN OF NULLA BONA. If the officer having the execution against the corporation makes a part of the debt and returns the writ *nulla bona* as to the residue, a sufficient foundation is laid to proceed, under the statute, against the stockholder for such residue.

4. ———: SHERIFF'S RETURN TO EXECUTION AGAINST CORPORATION. It is not necessary, in order that the stockholder may be proceeded against, that the sheriff's return to the execution against the corporation should negative the ownership of all property whatever by it. A fair and substantial *nulla bona* return is all that is required.

5. **Execution, Return of:** PRESUMPTION. A return of a sheriff to an execution will be presumed to have been deposited with the clerk of the court on the return day, in the absence of anything to the contrary in such return or on the writ.

6. ———: ———. When the law fixes a day for the return of an execution, such return should not be made before that day.

7. ———: ———: PRIORITY. The creditor of a corporation can gain no priority by filing his motion for execution against a stockholder before the return day of the execution against the corporation.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*H. I. D'Arcy* for appellant.

A return is essential to the creation of any right

based on an execution against a stockholder. Courts will not dispense with any statutory formality, even when they deem it unimportant. *Bright v. Boyd*, 1 Story C. C. 486; *Townsend v. Tallant*, 33 Cal. 45; *Bree v. Bree*, 51 Ill. 367; *Abernathy v. Dennis*, 49 Mo. 468; *Merrill v. Walker*, 24 Me. 240; *Shroyer v. Nickoll*, 55 Mo. 500; *Turner v. Ry. Co.*, 78 Mo. 580; Sedgwick on Construction (Ed. Pomeroy) 277. And what is obviously implied is as much a part of a statute as what is expressed. *Neenan v. Smith*, 50 Mo. 526; *Wilkinson v. Leland*, 2 Pet. 627; *Cooksey v. Railroad*, 74 Mo. 480; *United States v. Kirby*, 7 Wall. 482; *Suckley v. Furse*, 15 Johns. (N. Y.) 338; *Oates v. National Bank*, 100 U. S. 244; Lieber's Hermeneutics (Ed. Hammond) 81. And the necessity of a return arises from general principles as well as from the statute. The statutory motion cannot be resorted to if a single dollar can be levied on. *Hannah v. Bank*, 67 Mo. 685.

*Rassieur & Tiffany* for respondent.

(1) The statute does not require any particular kind of evidence "that there cannot be found any property or effects whereon to levy." R. S., sec. 736. A judgment and execution unsatisfied are evidence of insolvency, and of inability to collect. They are, however, evidence only, and the fact may be established as well by other evidence. *Terry v. Tubman*, 92 U. S. 161; *Hodges v. Silver, etc.*, 9 Oregon, 20; 2 Am. Lead. Cases, 134, 136; *Skrainka v. Allen*, 76 Mo. 384. (2) When an officer has made one full examination for goods without success, he can return the execution *nulla bona* before return day. *Thornton v. Lane*, 11 Ga. 523; *Wilcox v. Ratcliff*, 5 Blackbird, 561; Crocker on Sheriffs, secs. 424, 422. (3) The proceeding is supplementary, and has not all the attributes of an independent suit. *Allen v. Benton*, 79 Mo. 166. (4) Those who were stockholders at the time execution

issued against the company, became liable, unless the execution against the company were satisfied. *McClaren v. Franciscus*, 43 Mo. 465. Though the court, and not the sheriff is to determine whether or not the execution shall go against the stockholder, "the rule of liability remains the same." *Skrainka v. Allen*, 76 Mo. 384. As soon as the court, in place of the sheriff, ascertains that there is no property on which to levy, it may order execution. (5) It was the object of the statute to make the court the judge of whether there was any property of the corporation on which to levy, instead of the sheriff, and to give the stockholder an opportunity to show corporate property, if there were any, and the court rightly exercised its discretion. *Skrainka v. Allen*, 76 Mo. 348. (6) The statute says, "and there cannot be found any property or effects whereon to levy the same." The evident meaning is any substantial amount whereon to levy a substantial satisfaction of such execution. *Ilfracombe Ry. Co. v. Poltimore*, 3 C. P. L. R. 286, 293.

BLACK, J.—1. The plaintiff having a judgment and unsatisfied execution issued thereon against the Butchers' and Drovers' Bank, made his motion under section 736, for execution against Hardy on account of an unpaid balance of sixty shares of stock held by the latter. Execution was awarded, and this order was affirmed by the court of appeals. Pending the appeal in this court, Hardy died. The administrator of Hardy's estate resists the revivor, and this presents the first question for decision.

Express statute law is that execution shall not issue upon a judgment or decree rendered against the intestate in his lifetime, which judgment or decree constitutes a demand against the estate within the meaning of the administration law. R. S., sec. 2360. No formal judgment for money is entered under section 736, but the order is that execution issue against the stockholder for

Marks v. Hardy.

the unpaid balance on his stock. The argument is that the order for execution does not constitute a judgment, decree, or demand, which may be presented and classed as a demand against the estate, and as no execution can be issued against a dead man's estate, the proceeding must abate. It may be contended with just as much force that the order for execution is not such a judgment or decree as may be classed as a demand, and as the statute, with respect to executions, prohibits an execution from issuing only on such judgments and decrees as constitute a demand against the estate within the meaning of the administration law, that, therefore, executions may still go out in this class of cases against the property of the estate.

The substance and policy of the law must not be overlooked. It is true no formal judgment or decree is entered on the motion, but the inquiry upon the hearing of the motion involves a determination of whether the party is a stockholder, and, if so, to what extent, and how much he owes thereon. It may also require an adjudication as to off-sets which he may have. The result is to fix upon him a liability for the unpaid balance found to be due on the stock. This balance due to the corporation is, by the order and law, appropriated to the payment of the judgment debt, and the payment discharges the stockholder and his estate from further liability. Of course the proceeding on the motion is not an original suit. It is, however, a supplementary proceeding, and for many purposes must be regarded and treated as an action pending. It would be against the policy of the law to hold that this proceeding must abate by the death of the defendant. The order for execution is designed to take the place of a more cumbersome suit, which would result in a decree. While execution may not go out against the estate, we think the final adjudication on the motion may fairly be regarded and treated as a demand against the estate, and may be classed as such, and we

so rule ; and, further, the proceeding does not abate when commenced against the stockholder in his lifetime, by reason of his death thereafter.

2. There were many questions raised on the hearing of the motion in the circuit court, two of which only appear to be urged here, and they are stated as follows : (1) "The plaintiff below could not proceed, by motion, against the defendant stockholders before a return that there could not be found any property or effects whereon to levy the same." (2) "The evidence, which consisted solely of the sheriff's return, showed that there was property, and that it had been levied on by him under the execution."

The facts, so far as they bear upon these questions, are that the execution against the bank was issued on the sixth of January, 1881, returnable to the following February term of the circuit court. The sheriff's endorsements on the writ show that on the seventh of January he levied upon one safe and contents, office furniture, etc., and "a lot of books and papers." Some of the property was sold on the twenty-sixth of that month for $121.26, and the proceeds applied to costs. Other articles of the property levied upon, including what would appear to be nearly, if not all, of the contents of the safe, were delivered to claimants, and the balance was delivered to a receiver, as per order of the court. Pulitzer was summoned, as garnishee, on the fourteenth of January. He owed the bank, it is conceded, $395.44, and had property out of which that amount could have been made, but the plaintiff released him. There is an endorsement of "no other goods, chattels, or real estate found," etc., on the writ, but without date. Also, a statement in connection with the service of garnishment on Pulitzer of "no goods, chattels," etc.

The statute is : "If any execution shall have been issued against any corporation, and there cannot be found any property or effects whereon to levy the same, then

such execution may be issued against any of the stockholders to the extent of the amount of unpaid balance of such stock by him or her owned." But the execution can only issue upon an order of court made upon motion after notice. This statute should be regarded as remedial. Still, it is a summary proceeding, and the conditions upon which the executions may issue against the stockholder must be reasonably and fairly complied with. The execution must not only be issued, but it must take the course of the law in respect of such writs. It must appear, also, that there cannot be found property of the defendant whereon to levy the same. If the officer make a part of the debt and return the writ *nulla bona*, as to the residue, that lays a sufficient foundation to proceed against the stockholder for the balance. So far as the Pulitzer garnishment is concerned, and between these parties, and on this motion, the execution against the bank must be regarded as satisfied to the extent of the amount conceded to be due from him to the bank. Still there remains more than seven thousand dollars due on the execution, and the balance due on Hardy's stock is less than three thousand dollars.

While the return shows that all the property levied upon and not sold or delivered up to claimants, was turned over to a receiver, there is no evidence whatever of its value, nor is there anything in the record to show how or in what proceeding the receiver was appointed. Besides, there is the *nulla bona* return of the sheriff, and the express finding of the court, that no property of the defendant corporation could be found, out of which to make the debt. It is not necessary that the return should negative the existence of any property whatever, a single dollar, as is contended. This return, in the absence of any further showing, will be regarded as a fair and substantial *nulla bona* return. Both parties stand upon it as it is, without asking to have it made more definite and without effort

to impeach it in any respect, and we must hold the objections made to be without merit.

Incidental to these questions it has been urged that the return was premature, and on the other hand it seems to be contended that the return of the writ may be made by the officer before the return day. The answer to all this is that it does not appear, from anything in the return, or any endorsement on the writ, when it was in fact lodged with the clerk, and the presumption, therefore, is that the execution was deposited with the clerk on the return day, and not before, and we so take the fact to be, for all the purposes of this case. It may not be amiss to say that the law fixes a time when an execution shall be returned, *i. e.*, to the next succeeding term of the court, unless otherwise directed, and then it is made returnable to the second succeeding term. R. S., sec. 2338. It was held in New York that a creditor's bill could not be filed until after the return day of the *fieri facias*, and a premature return was of no particular avail to the creditor. *Cassidy v. Meacham*, 3 Paige, 311; *Williams v. Hogeboom*, 8 Paige, 469; *Platt v. Caldwell*, 9 Paige, 386. Subsequent decisions of that state would, at first, seem to hold otherwise, but it is believed they are made to turn upon the then existing statute, which, it was ruled, allowed the officer to return the execution at any time within sixty days. *Livingston v. Cleaveland*, 5 How. Pr. R. 396; *Renaud v. O'Brien*, 35 N. Y. 99.

Authorities may be found to support the plaintiff's view in this case, but the better doctrine is that when the execution by law has a fixed return day, it should not be returned before that day. *Schermerhorn v. Connor*, 41 Mich. 376; *Adams v. Cummiskey*, 4 Cush. 420; *Roberts v. Knight*, 48 Me. 171. This is in accord with prior rulings of this court, from which we are not disposed to depart. *Dillon v. Rash*, 27 Mo. 243. To give sanction to any other practice is to disregard the forms and substance of the law and lead to unnecessary complications

in the strife of creditors to acquire a priority. The creditor can gain no priority by prematurely filing his motion.

The cause is revived in the name of the administrator and affirmed. All concur.