DAVID GRANT *vs.* NEW YORK LIFE INSURANCE CO.

PROVIDENCE—MARCH 12, 1902.

PRESENT: Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Garnishment. Returning Affidavit. Actions against Garnishees.*

An action under Gen. Laws cap. 254, § 20, will not lie against a garnishee who has neglected to file an account, before the return day of the execution against the principal defendant.

TRESPASS ON THE CASE under Gen. Laws cap. 254, § 20. Heard on plaintiff's exceptions to ruling of a District Court. Exceptions overruled.

STINESS, C. J.   The plaintiff sues to recover from the defendant the amount of a judgment rendered against Catherine Powers in an action wherein this defendant was summoned as trustee for said Catherine and neglected to file an account, Gen. Laws cap. 254, §§ 9, 10, 20.

It is provided in Gen. Laws cap. 256, § 21, that if one who has been charged as trustee by default shall make affidavit as to whether or not he had personal property of the defendant at the time of service upon him, and that he failed to file affidavit from want of actual notice or by accident or mistake, and shall give such affidavit to the officer charged with the service of the execution and shall pay back double the sum received for attendance, together with the sum stated to be due as aforesaid, if any, then no further proceedings shall be had against him, except in case of false answers.

Execution issued against the goods and chattels of Catherine Powers and in the hands of this defendant, as her trustee, on August 16, 1901.   On the same day the officer charged with the service thereof demanded the amount due thereon from this defendant, which it refused to pay.

The officer thereupon returned the execution unsatisfied, and the plaintiff brought this action August 27, 1901.

The defendant demurs to the declaration upon the ground that the action is brought before the return day of the execution.

(1)   The question is whether a trustee becomes liable at once upon demand, or whether he may discharge himself under the statute at any time before the return day.

The statute was evidently intended for a simple and speedy relief from the strict liability previously imposed upon those who had failed to file statements when summoned as trustees.

It should therefore be liberally construed to this end.

To make the relief adequate, time is of considerable impor-

tance.   Even trustees in default would hardly be expected to go about with affidavits ready to hand to an officer upon demand.   The terms of the act, however, point to those who may not know that they have been summoned as trustees, for the first class mentioned are those who have failed to answer " from want of *actual* notice."

Service on a corporation may be made by leaving a copy at its manufactory or at its office with some one in its employ ; and on a person with some one at his place of abode.   Suppose that one who receives a copy should fail to deliver it to his principal.   There would be a failure of actual notice and the trustee's first knowledge of an attachment might be the demand for payment by the officer on execution.   The trustee could neither have an affidavit ready, nor, if he must pay at once, time to prepare one even.   The statutory remedy would be ineffectual for the very case which it purports to relieve.   We are bound to assume, then, that some time was intended in which one who has not had actual notice may inquire as to what has been done and when.   If time was intended for these, it must also be extended for all who come under the statute ;  for it makes no distinction, and to give a reasonable remedy some time must be allowed.   What should it be ?

In Maine and Massachusetts, under statutes which provide for *scire facias* against one who has been adjudged a trustee, it has been held that the process could not issue before the return day of the execution.   *Roberts* v. *Knight*, 48 Me. 171 ; *Adams* v. *Cummisky*, 4 Cush. 420.

While the statutes are different, the substantial reason as to time is the same.

The remedy against bail is quite analogous, and in *McAuliffe* v. *Lynch*, 17 R. I. 410, it was held that it will not lie before the return day of the execution against the principal.   This seems to be a reasonable time, and, in the absence of any other fixed time, we think it is the proper one.   The plaintiff argues that there is a distinction between a trustee and bail, because the former is made a party to the suit. We fail to see the force of this fact in regard to the question

here raised.   Neither one is primarily liable ;  both practically stand as sureties ;  for when the defendant satisfies the judgment, both are discharged.   If the bail is not liable to suit until the return day of the execution, we see no reason why the garnishee should be liable to suit in a shorter time, since the conditions are substantially, though not technically, similar.

We are therefore of opinion that the remedy is open during execution period, and that the suit was prematurely brought.

Plaintiff's exceptions overruled, and case remitted to District Court of Sixth Judicial District for further proceedings.

*Irving Champlin*, for plaintiff.

*Comstock & Gardner*, for defendant.