WYLEY L. DAVIS, Administrator of the Estate of N. GIBSON, v. CHARLIE JOHNSON and BONNIE JOHNSON, Appellants.—58 S. W. (2d) 746.

Division One, March 16, 1933.

418

*McKay & Peal* for appellants.

*Von Mayes* and *Ward & Reeves* for respondent.

HAYS, J.—This is a proceeding under Sections 63-66 of the Revised Statutes 1929, for the discovery of assets, said to belong to the estate of Newberry Gibson, deceased. It was duly initiated in the probate court by affidavit filed in which Charles Johnson and Bonnie Johnson, his wife, were charged with concealing, possessing and wrongfully taking in the period of 1922-1928 and wrongfully withholding money in the sum of $23,000 and other personal property belonging to said Gibson, deceased. In response to citation, Johnson and his wife appeared in the probate court and upon examination under oath denied the allegations in the affidavit. Thereupon issue was joined upon interrogatories filed by the executor and answers filed thereto by the defendants. Later the issue was tried in the probate court and from the judgment there rendered the defendants appealed to the circuit court. Upon a trial anew in the circuit court a demurrer to the evidence was given for defendant Charles Johnson and the defendant Bonnie Johnson recovered a verdict. Thereafter, pending a motion for a new trial duly filed by the plaintiff administrator c. t. a., the defendants Charles Johnson and Bonnie Johnson, died. The deaths were suggested, the cause was revived against Newberry Johnson as administrator of the estates of the deceased defendants, and he was brought in by writ of *scire facias*. At the return term of the *scire facias,* the motion for a new trial was heard and sustained, and Newberry Johnson, the substituted defendant, hereinafter referred to as the appellant, duly appealed to the Springfield Court of Appeals from the trial court's order granting a new trial. That court, being without jurisdiction because of the amount and value of the property in controversy, transferred the cause here.

The appellant's first contention is that the evidence in the case could not in any event make out a case for the jury and for that reason it was error to grant a new trial.

■ I. It may be observed at the outset that it does not appear either in the printed record or in the briefs of counsel that the court *nisi,* in passing on the motion for a new trial, specified any ground upon which it was sustained. The motion contains some half-dozen grounds, one of which is that the verdict was against the evidence and another that the jury were improperly instructed at the instance of the defendants.

Upon that condition of the record the appellant apparently assumes that the motion was ruled on the weight of the evidence. His position is sustained by decisions of our several Courts of Appeals. [King v. Mann, 208 Mo. App. 642; Barth v. Boyer, 27 S. W. (2d) 499, 500;

Piano Co. v. Wilson, 27 S. W. (2d) 1051.] ■ The respondent makes a counter-suggestion that the instructions given at the instance of the original defendants incorrectly declared the law of the case, thereby misleading the jury to an improper verdict, and that such error justifies the granting of the new trial. His position is fully tenable if he has discharged the burden of showing such error. However, his effort in that behalf consists alone in his statement of his proposition. He has not seen fit to comply with our Rule 15 by directing, in his brief, our attention to any particular fault in the instructions. Consequently the instructions are not before us and we are not disposed to search the record and make an independent analysis of them. We note a similar omission upon the part of the appellant. Though attacking the evidence upon the ground of insufficiency, he has not in his brief stated the evidence or given any summary thereof but has been content with the bare statement that it was insufficient. That is not a compliance with Rule 15, which requires that the appellant's brief shall contain "a fair statement of the facts." It is therefore apparent that the ruling complained of receives no light from the record proper or from the appellant's statement.

■ Taking the point as it is thus presented, we may dispose of the first assignment briefly by stating a general rule which governs that phase of the case. Under a statute of long standing (now Sec. 1001, R. S. 1929) a trial court has a broad discretionary power to grant one new trial on the ground that the verdict is against the evidence; and the general rule is that the discretion exercised by the trial judge in that respect will not be disturbed, unless it be shown that a converse verdict could not for lack of supporting evidence be permitted to stand. [State ex rel. v. Ellison, 268 Mo. 225, 186 S. W. 1075.] This because the trial judge has an advantage in his opportunity to see the witnesses, to observe their conduct and demeanor on the witness stand, their interest, bias or prejudice; to form some opinion as to their veracity, and to observe various incidents of the trial not ordinarily reflected by the printed record. [Honea v. Railroad, 245 Mo. 1. c. 650, 151 S. W. 119.] It follows that the trial court should not be convicted of error in granting the new trial on the weight of the evidence, unless the order complained of was erroneous on another ground yet to be considered.

It is also contended that this proceeding was not revivable against the appellant as administrator of the estates of the deceased original defendants. As reasons for the contention it is asserted that the proceeding is summary and that the statutes upon which it is predicated provide no adequate means of enforcing any judgment that might thereunder be rendered in this case.

■ ■ The procedure authorized by those statutes "is a summary and quick method of bringing property into the estate. The probate

court is a court of record, and in practice, when not otherwise provided, may borrow from the 'Code.'' [Clinton v. Clinton, 223 Mo. 371, 388, 123 S. W. 1.] The procedure was devised not merely to discover assets, but also to expedite the administration of estates by affording a new and special remedy for collecting assets. [*Ibid.* 384.] It is an action, within the meaning of the law, in which property rights may be tried and determined (Trautman v. Trautman, 300 Mo. 314, 254 S. W. 286; Tygard v. Falor, 163 Mo. 242, 63 S. W. 672; In re Huffman's Estate, 132 Mo. App. 44; Ex parte Gfeller, 178 Mo. 248, 77 S. W. 552; Eckerle v. Wood, 95 Mo. App. 378), and hence cannot be maintained upon purely equitable grounds. [Bank v. Lillebridge, 316 Mo. 968, 293 S. W. 116; Brewing Co. v. Steckman, 180 Mo. App. 320.] As an action at law it is exclusively cognizable by the probate court as the court of first instance (Brewing Co. v. Steckman, supra, 1. c. 332; Kerwin v. Kerwin, 204 S. W. (Mo. App.) 922; Lamm v. Lamm, 216 S. W. (Mo. App.) 332; Beck v. Hall, 211 S. W. (Mo. App.) 127), save only where there may be sufficient reasons disclosed in exceptional cases why the matter, in whole or in part, might not be tried in the probate court. [Brewing Co. v. Steckman, supra.]

. II. Having by way of preliminary considered the nature, purpose and scope of the proceeding, and in what court it is cognizable, we come now to the question of the propriety of the revivor as dependent upon the nature and effectiveness of any judgment that might be rendered in the proceeding in the event of a verdict adverse to the appellant.

It is provided in Section 66 that upon a trial by court or jury of the issues upon the interrogatories and answers thereto, ''judgment shall be rendered according to the finding and for costs, and if convicted, the court shall compel the delivery of the property detained by attachment of his (the defendant's) person for contempt, and the court shall commit him to jail until he comply with the order.''

A judgment must necessarily be responsive to the issues. The issues in such proceeding are framed by the interrogatories and the answers, and the trial is had upon such issues. The interrogatories herein, four in number, were in varying form and related essentially to, (1) money or other personal property of the testator in the then present possession or control of the defendants, (2) to any such not then in possession or control, and the disposition made thereof, (3) to deposits of money in the years 1922 to 1928 to credit of defendants in a certain designated bank, and the amount thereof, and (4) to whether the defendants in or prior to the year 1928 took money or property of the testator from an iron safe in his house, and sought

the amount and description thereof. The answers were separate and corresponding specific denials.

█ It is manifest that the issues do not describe any specific property or money of which delivery *in specie* is sought; so that, for the moment, the provision of the statute which relates to delivery and the commitment of a defendant for his refusal to deliver upon his conviction, may be laid out of view. Let it, then, be assumed that upon a trial it be found that the original defendants received certain moneys and other personal property belonging to the deceased testator, and had withheld and converted the same in an amount and value shown. Is there any reason why the court could not, as required by the statute, ''render judgment according to the finding?'' We know of none, and none has been pointed out. Such a judgment would determine finally the amount in which the estates of the deceased defendants were indebted to the estate of the testator, Gibson, at his death. [Sexton v. Sexton, 295 Mo. 134, 243 S. W. 315; Roelofson v. Whitten, 249 S. W. (Mo. App.) 688; Newell v. Kern, 218 S. W. (Mo. App.) 443.] It would constitute an adjudicated and incontestable claim which could be filed and presented in the probate court to be classified against the estates of the deceased defendants. [Marks v. Hardy, 86 Mo. 232, 1. c. 235.] █ On the other hand let it be assumed that a finding that specific property was so withheld and was among the chattels of the defendants at their death, and afterward in the possession of their personal representative, the appellant. We see no reason why a trial might not be had in which the title to such property would be determined, or why upon a refusal of the appellant to deliver the same, the attachment feature might not be disregarded and a judgment for the value thereof entered as for conversion, or other judgment suitable to the finding and not involving commitment, to be classified in the same manner as in the other instance mentioned. [Marks v. Hardy, 86 Mo. 232, 1. c. 235.]

The last case cited involved the question of the suitability of a possible judgment as determining the survivability of the action, after the death of the defendant, in a proceeding supplemental to judgment, against his administrator. The plaintiff having a judgment and an unsatisfied execution issued thereon against a bank, moved under an available statute, for execution against A on account of an unpaid balance of shares of the bank's stock held by A. Execution was awarded and this order was affirmed by the Court of Appeals. Pending the appeal in this court A died. His administrator resisted the revivor, and that question was presented for decision. It was argued that the order for execution did not constitute a judgment or demand which could be presented and classed as a demand against the estate, and as no execution could be issued thereon, the proceeding must abate. This court in answering the argument, concluded as follows, at page 235:

"Of course the proceeding on the motion is not an original suit. It is, however, a supplementary proceeding, and for many purposes must be regarded and treated as an action pending. It would be against the policy of the law to hold that this proceeding must abate by the death of the defendant. The order for execution is designed to take the place of a more cumbersome suit, which would result in a decree. While execution may not go out against the estate, we think the final adjudication on the motion may fairly be regarded and treated as a demand against the estate, and may be classed as such, and we so rule; and, further, the proceeding does not abate when commenced against the stockholder in his lifetime by reason of his death thereafter."

Unless this proceeding is available against the estates of the deceased defendants the plaintiff is without remedy. For example, neither replevin nor trover and conversion would lie. They are mere possessory actions in which the question of title is not primarily involved and hence not determined by the judgment therein. The case of Beck v. Hall, 211 S. W. supra, is illustrative in its application of principles discussed and authorities cited in this paragraph. It was in replevin and involved property claimed as a gift *causa mortis,* The alleged donor and the donee died shortly after the transaction. The action was brought by the donee's administrator against the administrator of the donor. The Kansas City Court of Appeals held that replevin did not lie and that the cause was cognizable only by the probate court as the court of first instance and in a proceeding brought under Sections 63-66.

We conclude, for the reasons stated herein, that there was no error in the granting of a new trial, and the order appealed from is affirmed and the cause remanded. All concur.