Zimmerman, J.
On this appeal complainant advances three errors which he claims are prejudicial to him:
1. Refusal of the trial court to permit the complainant to cross-examine the respondents.
2. Failure to place the burden on the respondents of proving the claimed inter vivos gift by clear and convincing evidence.
3. Refusal of the trial court to admit in evidence decedent’s personal property tax returns filed by him with the county auditor in the years subsequent to the claimed gifts to Mildred A. Beck.
Section 2109.50, Revised Code, reads in part as follows:
“Upon complaint made to the Probate Court or to the Court of Common Pleas by a person interested in a trust.es *452 tate # * against any person suspected of having concealed, embezzled, or conveyed away or of being or having been in the possession of any moneys, chattels or choses in action of such estate, said court shall cite the person so suspected forthwith to appear before it to be examined, on oath, touching the matter of the complaint. The Probate Court .may initiate proceedings on its own motion.
“The court in which such complaint is made shall forthwith proceed to hear and determine the matter.
“The examinations, including questions and answers, shall be reduced to writing, signed by the party examined, and filed in the court before which they were taken.
“If required by either party, the Probate Court shall swear such witnesses as may be offered by either party touching the matter of such complaint and cause the examination of every such witness, including questions and answers, to be reduced to writing, signed by the witness, and filed in such court.”
Section 2109.51, Revised Code, provides:
“If a person cited under Section 2109.50 of the Revised Code refuses or neglects to appear and submit to an examination, or refuses to answer interrogatories propounded, the court issuing the citation shall commit such person to the county jail and such person shall remain in close custody until he submits to the court’s order.”
Section 2109.52, Revised Code, in its applicable parts, recites :
“When passing on a complaint made under Section 2109.50 of the Revised Code, the Probate Court or the Court of Common Pleas shall determine * * * whether the person accused is guilty of having concealed, embezzled, conveyed away, or been in the possession of moneys, chattels, or choses in action of the trust estate. If such person is found guilty, the court shall assess the amount of damages to be recovered or the court may order the return of the specific thing concealed or embezzled or may order restoration in kind. The court may cite into court all persons who claim any interest in the assets alleged to have been concealed, embezzled, conveyed, or held in possession and at such hearing may hear and determine questions of title relating to such assets. In all cases, except when the person *453 found guilty is the fiduciary, the court shall forthwith render judgment in favor of the fiduciary * * * against the person found guilty, for the amount of the moneys or the value of the chattels or choses in action concealed, embezzled, conveyed away, or held in possession, together with ten per cent penalty and all costs of such proceedings or complaint; except that such judgment shall be reduced to the extent of the value of any thing specifically restored or returned in kind as provided in this section.”
This court has had these statutory provisions under consideration on a number of occasions.
A proceeding for the discovery of concealed or embezzled assets of an estate is a special statutory proceeding of a summary and inquisitorial character, and, since, under Section 2109.52, Revised Code, a finding of “guilty” or “not guilty” is required, with the imposition of a penalty upon a finding of guilty, the proceeding is quasi criminal in nature. Its purpose is to facilitate the administration of estates by expeditiously bringing into such estates those assets which rightfully belong there. Goodrich, Admr., v. Anderson, 136 Ohio St., 509, 26 N. E. (2d), 1016 ; In re Estate of Black, 145 Ohio St., 405, 62 N. E. (2d), 90; In re Estate of Leiby, 157 Ohio St., 374, 105 N. E. (2d), 583.
In the opinion in the case of Davis, Admr., v. Johnson, 332 Mo., 417, 421, 58 S. W. (2d), 746, 748, it is remarked:
“The procedure authorized by those statutes [for the discovery of assets] ‘is a summary and quick method of bringing-property into the estate’ * * * devised not merely to discover assets, but also to expedite the administration of estates by affording a new and special remedy for collecting assets.”
Section 2109.50, Eevised Code, specifically provides that the “court shall cite the person so suspected [of concealing or embezzling assets] forthwith to appear before it to be examined, on oath, touching the matter of the complaint,” that “the court in which such complaint is made shall forthwith proceed to hear and determine the matter,” and that “the Probate Court may initiate proceedings on its own motion.” And Section 2109.51, Eevised Code, directly imposes on the court itself the duty of jailing a cited person who refuses to appear and submit to examination.
*454 A discovery proceeding is not a proceeding between two or more parties as is the ordinary civil action with pleadings in the form of a petition, answer and reply; it is rather an inquest or inquiry into the conduct of the “suspected person.” The complaint directs the court’s attention to the alleged misconduct and then the court on the complaint alone is required to investigate the charge and take appropriate action in accordance with what the evidence discloses.
It will thus be observed that it is the court, interested in the proper and orderly administration of estates, which calls the suspected person before it by citation, and it is the court which is in control of the examination, notwithstanding that such examination may be delegated to and conducted by attorneys. In re Estate of Halaska, 307 Ill. App., 176, 30 N. E. (2d), 119.
Such suspected person is therefore in reality the witness of the court (Keshner, Exr., v. Keshner, 376 Ill., 354, 33 N. E. [2d], 877), and the character and extent of his examination rest largely in the court’s discretion (Price, Admx., v. Meier, 324 Ill. App., 313, as reported in 58 N. E. [2d], 197; Duro v. Ladd, Judge, 235 Iowa, 185,16 N. W. [2d], 244; Gick v. Stumpf, 113 App. Div., 16, 18, 98 N. Y. Supp., 961, 963).
In the instant case, the “suspected persons,” Mrs. Beck and her husband, were examined thoroughly and at length by counsel representing the complainant, and, although it is true (hat the trial court indicated that cross-examination was not proper and would not be allowed, we do not see from a perusal of the bill of exceptions how counsel could possibly have secured any more information from the witnesses than he did.
Since a proceeding for the discovery of concealed or embezzled assets is a special remedy wherein the court cites the suspected person to appear before it and is in control of his examination, we think that Section 2317.07, Revised Code, authorizing as a matter of right the examination- of an adverse party as if under cross-examination, is not applicable. In re Estate of Maddox, 331 Ill. App., 108, as reported in 72 N. E. (2d), 450.
In Keshner, Exr., v. Keshner, supra (376 Ill., 354, 33 N. E. [2d], 877), involving á statutory proceeding instituted by an *455 executor to compel the delivery of bonds and money to the estate, the court held that those charged with withholding such property were witnesses of the court, no matter by whom examined, and that the executor could not be bound by their testimony or be held to have vouched for its truthfulness.
The trial judge herein, in his discretion, might have allowed counsel for the complainant to subject the Becks to a full and complete cross-examination or might himself have cross-examined them, but we can not find that their examination was restricted to such an extent as to have resulted in any real prejudice to the complainant.
As to the second assigned error, when it was shown in this proceeding that the certificates of stock in dispute had been issued to the decedent in his name and that no transfer of such certificates had been registered upon the books of the corporations, a prima facie case was made for the inclusion of such certificates as assets of the estate. 33 Corpus Juris Secundum, 1130, Executors and Administrators, Section 162. Mrs. Beck claimed the certificates as an inter vivos gift from the decedent, and it was incumbent on her to rebut and overcome the prima facie case by proving the essential elements of a completed gift. Worthington, Admr., v. Redkey, Exr., 86 Ohio St., 128, 99 N. E., 211. To the same effect, in proceedings relating to the recovery of assets claimed to belong to a trust estate, see Storr, Exr., v. Storr, 329 Ill. App., 537, 69 N. E. (2d), 916; Spencer, Admr., v. Barlow, 319 Mo., 835, 5 S. W. (2d), 28; In re Estate of Housman, 224 N. Y., 525, 121 N. E., 357; In re Canfield’s Estate, 176 App. Div., 554, 163 N. Y. Supp., 191.
Mrs. Beck, supported by her husband, undertook to prove that such certificates had been given to her by the decedent by assignment and delivery a number of years before his death, and that she had accepted them. They were assigned in writing as shown by the certificates themselves, and Mrs. Beck and her husband testified positively that they were in her exclusive possession and control from the time the assignments and delivery were made.
The complainant was permitted to and did introduce evidence tending to weaken and destroy the claim of a gift. Such evidence consisted mainly of complainant’s own testimony and *456 that of a handwriting expert. Mrs. Beck also admitted that such stock certificates were included by decedent in his personal property tax returns in years subsequent to the date of the claimed gifts.
It might be well to interpolate here that the next to the last paragraph of the opinion in the case of In re Estate of Black, supra, has reference not to the burden of proof but to the obligation of the complainant in a proceeding to discover concealed or embezzled assets to show that the subject matter of his complaint is within the contemplation of Section 2109.50, Revised Code.
This court has held that to prove a gift 'inter vivos clear and convincing evidence is required (Bolles v. Toledo Trust Co., Exr., 132 Ohio St., 21, 4 N. E. [2d], 917), and clear and convincing evidence is defined in Cross v. Ledford, 161 Ohio St., 469, 120 N. E. (2d), 118, as “that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal.”
It is apparent from the record and from an examination of the opinion of the trial court that the trial court did not consider and determine the issue as to whether an inter vivos gift had been established in accordance with the views herein expressed. We should like to return this cause to the trial court with instructions to reconsider and determine this single matter on the basis indicated, but since such procedure is probably not authorized, the judgment of the Court of Appeals must be reversed and the cause remanded to the Probate Court for a hew trial.
As to the third assignment of error, Section 5711.11, Revised Code, merely states that returns filed with the county auditor, showing income yield of productive investments or taxable property, shall not be open to public inspection. This means that they are not open to inspection or examination by those calling at the auditor’s office for such purpose; it does not mean that such returns may not be procured by subpoena *457 and introduced in evidence in a court proceeding, when proper and pertinent.
In the instant case, Mrs. Beck admitted that decedent had included the certificates of stock in controversy in his personal property tax returns after the time she claims the certificates were given to her, and she offered an explanation therefor which the trial court apparently accepted.
In view of such admission during her testimony, we think there was no prejudicial error on the part of the trial court in declining to admit such returns in evidence.
For the reasons stated, the judgment of the Court of Appeals is reversed and the cause remanded to the Prohate Court for further proceedings in accordance with law.

Judgment reversed.

Weygandt, C. J., Matthias, Stewart, Bell and Taft, JJ., concur.
Hart, J., not participating.