THE STATE, JOHN McLORINAN, OVERSEER OF THE POOR OF
THE CITY OF NEWARK, PROSECUTOR, v. GEORGE S. RYNO,
DEFENDANT.

1. Where, in proceedings under section 5 of the Disorderly act, after
conviction of the defendant, by the jury, of desertion and willful re-
fusal and neglect to provide for his family, the justice failed to adjudge
the defendant to be a disorderly person, the Quarter Sessions cannot,
on appeal, reverse the justice's judgment, and dismiss the appeal for
want of such adjudication.

2. The appeal to the Quarter Sessions is from the decision of the justice
or the jury, and brings the whole case before that court for the trial
*de novo* of the issue of fact, and a new determination and order based
upon the facts found.

3. The act of March 11th, 1880 (*Rev. Sup.*, *p.* 220), provides that in all
cities having police courts, or police justices, or a recorder's court,
all persons arrested for any violation of the provisions of the act con-
cerning disorderly persons shall be taken for a hearing before such
police court, police justices or recorder's court. *Held,* that the right
to hear and decide the cause implies the authority to use the process
provided by law for bringing in the parties.

On *certiorari*.

Argued at February Term, 1887, before Justices KNAPP
and DIXON.

For the prosecutor, *Frank C. Willcox*.

For the defendant, *H. W. Hayes*.

The opinion of the court was delivered by

KNAPP, J. The defendant was convicted before a police
justice of Newark on the charge of deserting and neglecting
to provide for his wife and child.

The defendant appealed to the Court of Quarter Sessions of the county. When the appeal came up for hearing, the court was asked to reverse the proceedings of the police justice for these reasons, amongst others : that the justice who heard the complaint had no jurisdiction in such cases ; because the justice, after the rendition of the verdict of guilty against the defendant, ordered and adjudged against the defendant, for the support of the deserted wife and family, payment of a sum of money weekly, without having first adjudicated the defendant to be a disorderly person. The Court of Sessions granted the defendant's motion to dismiss the proceedings on the ground last stated. And the correctness of that judgment, as well as the question of the jurisdiction of the police justice over the cause in the first instance, are subjected to review by this writit. ·

Since the decision of the case of *O'Shaughnessy* v. *McLorinan*, 14 *Vroom* 410, it has been settled in this court that in the prosecution of this class of complaints the justice, on the original trial, and the Quarter Sessions, on appeal, must first decide whether the defendant is guilty of the desertion, or other charge. If, by the decision of the justice, or the determination of the Court of Sessions, on appeal, or by the verdict of a jury, if a jury be summoned, guilt is established, there must follow an express adjudication that the defendant is a disorderly person before any order can be made for support. The reasons for these requirements it is unnecessary to seek, for it is enough to know that the law is so written. In the case cited the proceedings before the justice, as well as those on appeal, being before this court on *certiorari*, were both reversed, because in neither court was there an adjudication that the defendant was " a disorderly person."

In this case the justice who tried the cause, after conviction by the jury of desertion and willful refusal and neglect to provide for his wife and family, failed to adjudge the defendant to be a disorderly person within the meaning of the act. The conclusion, therefore, arrived at in the Court of Quarter Sessions was undoubtedly the correct one on the point there

McLorinan v. Ryno,

presented, but I think the court erred in making this the basis of its judgment reversing the justice's judgment and dismissing the appeal. The question was one for review on error only, and was not properly before the Sessions on an appeal.

Either party may, under the provisions of the sixteenth section of the act concerning disorderly persons, on prescribed terms, appeal from the decision of the justice or the jury to the next General Quarter Sessions, and may there demand trial by jury, " which appeal the said court shall proceed to try, and make such adjudication and order thereon as in the act provided in case of trial before said justice, and any order made by said court shall be held to commence to run from the date of the trial before said justice." The appeal given is from the " decision " of the justice or the jury, and it brings the whole case before the Quarter Sessions for trial *de novo* of the issue of fact, and a new determination and order based upon the facts found.

The Quarter Sessions, then, should not have disposed of the case on this legal error of the justice, but should itself, with the aid of a jury, have decided the fact of guilt, and if found, to make order thereupon as required by the statute. But by the reasons presented the jurisdiction of the police justice to take cognizance of a cause of this character is denied.

Under the fifth and thirteen sections of the act concerning disorderly persons (*Rev.*, *pp.* 505, 506) jurisdiction is given to justices of the peace. The justice, on complaint made, is required to issue his warrant for the apprehension of the person complained of and for bringing him before such justice for trial.

By an act approved March 11th, 1880, entitled "An act to amend an act entitled ' A supplement to an act concerning disorderly persons,' approved April 9th, 1875, which supplement was approved March 9th, 1877," it was enacted " that in all cities in this state having police courts or police justices, or a recorder's court, or any city which may hereafter have such courts, or either of them, all persons arrested for

any violation of the provisions of the act entitled 'An act concerning disorderly persons,' * * * shall be taken for a hearing before such police court or police justice, or such recorder's court; and that in all such cities no justice of the peace shall have power to hear, try or determine such cases, any law, custom or usage to the contrary notwithstanding."

Under this and other existing legislation it is claimed that neither a justice of the peace nor a police court has full jurisdiction of the matter, because by the act of 1880, above mentioned, jurisdiction of the justice to hear, try and determine is taken away, and no jurisdiction is conferred upon the police justice to receive the complaint or issue process to bring the defendant before him, his power by that act being at most merely to hear the cause. It is therefore insisted that in cities each class of justices is ousted of jurisdiction, because neither has jurisdiction of both subject matter and party, or if not so, a justice of the peace and a police justice must participate in the proceedings in each case. In short, that one judge is given jurisdiction of the parties, and another of the cause, so that if the cause can be heard at all it must be by the judges acting in conjunction.

These acts must be construed so as to give them effect, and not to render them nugatory. So inconvenient a mode of procedure as that requiring the action of the two seems to have no countenance in the legislation.

No special form of words is necessary to confer jurisdiction. If the design to do so is fairly to be gathered from the act, it is sufficient. We think that purpose sufficiently appears in this law. The legislature, in declaring that in cities justices of the peace shall no longer have power to hear, try or determine cases under the general act, and that all persons arrested for offences under the act shall be taken before the police justice for hearing, sufficiently indicates the design to transfer from the one class of magistrates the jurisdiction which had been conferred upon it to the other designated class.

The right to hear and decide the cause necessarily implies authority to use the process provided by the law to bring in

the parties. The act contemplates the use of such process, for it directs in respect to fees of officers making arrests.

This last act is objected to because it amends a supplement to the act concerning disorderly persons, passed in 1877, and which, it is said, is void on constitutional grounds. Conceding the act amended to be objectionable on that ground, there is no impediment in the way of the legislature curing such defect by subsequent enactment in the form of an amendment or supplement. *State, Trenton Iron Co., pros.,* v. *Yard,* 13 *Vroom* 357.

We think it unnecessary to consider those reasons directed to the proceedings before the justice. Those proceedings are not before us under this writ, and for errors there, if they exist, the prosecutor has his appropriate remedy on appeal.

The judgment of the Quarter Sessions should be reversed, and the cause remitted, that the court may proceed to trial and judgment on the appeal.