FREDK. N. ECKERLE, Plaintiff, v. AUGUSTUS M.
WOOD et al., Defendants.

St. Louis Court of Appeals, June 10, 1902.

1. **Administration:** PROCEEDING TO DISCOVER ASSETS IN A
SUIT: PROBATE COURT HAS JURISDICTION: PROHIBITION.
A proceeding under sections 74-78 (R. S. 1899), for the discovery of
assets of an estate is a "suit pending" within the meaning of the
law for taking of depositions. It is one over which the probate
court has jurisdiction of the subject-matter, and a writ of prohibi-
tion will not lie to prevent the regular taking of depositions pur-
suant to notice in such a proceeding.

2. ———: INTERESTED PARTY IN ESTATE, WHEN: PROHIBI-
TION. Where the probate court issues a citation under section
74 (R. S. 1899), at the instance of a moving party, it necessarily
decides that he is "a person interested" in the estate. That decis-
ion on that fact can not be reviewed by a writ of prohibition.

3. ———: PROHIBITION: WRIT OF ERROR ON APPEAL. A
writ of prohibition can not be correctly used to serve the purpose of
a writ of error or appeal.

4. ———: INCIDENTAL AUTHORITY ACCOMPANIES A GRANT
OF POWER. A grant of power implies a grant of all incidental
authority necessary to make the principal grant effective.

5. ———: JURISDICTION OF SUBJECT-MATTER. Jurisdiction of
the subject-matter means lawful authority "over that class of
cases."

Original Action in Prohibition.

WRIT DENIED.

*Geo. D. Reynolds* for petitioner.

(1)   This is a proceeding to obtain a writ of pro-
hibition to forbid the taking of depositions by defend-
ant, Augustus M. Wood, a notary public in the city

of St. Louis, Missouri. Summing up sections 74-77, it is apparent that they provide a summary mode for the discovery of assets—that procedure, in the first instance, under these sections is within the exclusive jurisdiction of the probate court, goes without saying. It is further apparent that, in that court, the issue is upon the written interrogatories and the answers, in writing, thereto, and it is too plain for argument that, under section 75, the examination of all witnesses is to be on written interrogatories, answered in writing by the parties to be examined. I confess I do not know how to argue such a proposition as is involved in departing from the statute and taking the testimony of witnesses by deposition or orally, and am satisfied to submit the case, on behalf of the petitioner, on the facts and the statute. I will add, however, inasmuch as this is a proceeding for prohibition, that, if the probate court has no jurisdiction in this matter, manifestly a notary public, whose power must be referable to that of the court in which the case is pending, could have no jurisdiction to subpœna witnesses or compel their attendance or take their examination orally. Most certainly, with the jurisdiction of the court challenged, the case was in no condition whatever for the taking of depositions in it, even if depositions can be taken in a case of this kind. The alternative writ should be made absolute. Green case, 86 Mo. App. 216. (2) This proceeding in the probate court is not a ''suit pending'' in a court of this State, within the purview of section 2877, Revised Statutes 1899. This is a summary proceeding, meaning by that, proceedings ''which are of an immediate, speedy, or peremptory nature.'' 24 Am. and Eng. Ency. (1 Ed.), p. 487; see note 2, page 498, where it is said: ''It has been said that a special statutory proceeding, summary in its nature and in derogation of the common law, must conform to the method of procedure pre-

scribed by the statute, or the jurisdiction will fail to attach, and the proceeding will be *coram non judice.*"

*J. Hugo Grimm* for respondent.

(1) Upon the facts of the case two questions arise: First. In such a proceeding as prescribed by sections 74 to 77, Revised Statutes 1899, can depositions be taken? Second. If not, is prohibition the proper remedy? (2) The depositions were sought to be taken under the authority of section 2877, Revised Statutes 1899, which provides: "Any party to a suit pending in any court in this State may obtain the deposition of any witness, to be used in such suit, conditionally." (3) Now to authorize the taking of depositions it is only necessary that a suit has been instituted; it is not necessary that process has been served even, much less that any issue must have been made up by pleadings. Lewin v. Dille, 17 Mo. 64; Ex parte Munford, 57 Mo. 603; Cauthorn v. Haynes, 24 Mo. 236; Ex parte Livingston, 12 Mo. App. 86. (4) The contention of plaintiff that the proceeding in the probate court is not a "suit" within the meaning of that word as used in the deposition act, is untenable. The words of the statute show the intention of the Legislature to make it as broad as language can make it. The right is given, without any limitation or qualification, to take depositions in any suit in any court. The word "suit" is even more comprehensive than the word "action." 24 Am. and Eng. Ency. of Law, p. 493, where it is said: "Suit" in its most comprehensive sense applies to any proceeding in a court of justice in which the plaintiff pursues in such court the remedy which the law affords him for the redress of an injury or the recovery of a right; although the terms "suit" and "action" are frequently used interchangeably, the former is the more comprehensive. Weston v. Charleston, 2 Pet (U. S.) 464. (5) Justice MAR-

SHALL, in Cohens v. Virginia, declares a suit to be "a prosecution or proceeding of some claim, demand or request. In law language it is the prosecution of some demand in a court of justice."

BARCLAY, J.—This is a proceeding to obtain a writ of prohibition to forbid the taking of depositions by defendant, Mr. Wood, a notary public in the city of St. Louis, Missouri.

The plaintiff is Mr. Frederick N. Eckerle. The defendants are. Mr. Augustus M. Wood, the above named notary, the St. Louis Trust Company (executor of the estate of Catherine Linze, deceased) and Henry H. Linze. The last was the husband of said Catherine.

The matter in which the depositions are sought to be taken is an inquiry under the administration law (secs. 74-78, R. S. 1899) for the discovery of assets, said to be wrongfully concealed.

The following facts appear to be admitted.

In November, 1901, letters testamentary were granted in the probate court of the city of St. Louis to the St. Louis Trust Company, upon the estate of Catherine Linze, deceased, pursuant to her will, duly admitted to probate by said court.

The trust company duly qualified and is now in charge of the estate as executor.

January 18, 1902, there was presented to said probate court an affidavit of Henry H. Linze as follows (omitting caption):

"Henry Linze, of lawful age, being duly sworn, on his oath states that he is the widower of Catherine Linze, deceased, and as such is interested in her estate; that he has good cause to believe and does believe that Frederick N. Eckerle has concealed or embezzled various goods, chattels, wares, merchandise, household articles, glassware, and other personal property of the deceased, the exact value of which affiant can not state, but which he believes to be over $500, and that said

Frederick N. Eckerle has such property in his possession or under his control, and refused to deliver them up to the St. Louis Trust Company, executor of Catherine Linze, deceased, upon demand made therefor.''

The probate court then issued a citation to Mr. Eckerle to appear before the court and be examined on oath concerning the personal property of said estate, under the statute cited.

In response to this citation Mr. Eckerle filed a sworn answer denying the alleged facts and charging that Mr. Linze was not interested in any manner in said estate. And when the examination of Mr. Eckerle came on, the court, at the instance of the attorney of Mr. Eckerle, sustained an objection to the inquiry proposed to be had of Mr. Eckerle, on the theory presumably that the charge was criminal in its nature, and hence, that Mr. Eckerle could not be required to give testimony against himself in the matter (Const. Mo., 1875, art. 2, sec. 23).

The probate court, March 3, 1902, granted the trust company, as executor, until March 10, 1902, to to file interrogatories in said proceeding against said Eckerle, according to section 75 (R. S. 1899). The interrogatories were filed, March 10, 1902. Thereupon the court made an order (March 15, 1902) giving Mr. Eckerle until March 25, 1902, to file his answer thereto; but no answer appears to have been filed before this proceeding was begun, May 8, 1902.

April 2, 1902, the probate court adjourned for the term and continued said matter to the June term of said court, which will regularly convene on the first Monday in June ensuing.

About May 1, 1902, the trust company caused notice to be given to Eckerle, in usual form, for the taking of depositions of witnesses, May 6, 1902, to be read in evidence in the cause entitled in said notice as follows:

''In the matter of Estate of Catherine Linze v.

Frederick N. Eckerle, on citation to disclose assets.''

The place appointed was the office of one of the counsel in the cause and the usual hours were named.

No question of the form of the notice arises.

Mr. Eckerle was also served with a subpoena to appear (at the time and place where the depositions were appointed) to testify in the cause above entitled ''on behalf of plaintiff.'' The subpoena was issued by Mr. Wood (now defendant) as notary public.

At the time and place named for the depositions the notary commenced taking testimony under the notice and continued said hearing the next day, when Mr. Eckerle, by his attorney, came before the officer and stated that he appeared specially to challenge his jurisdiction to take any testimony in the cause.

Notwithstanding this objection it is charged that said notary caused a subpoena to be served upon another person commanding him to appear in said cause and matter on the following day. It is further alleged that the notary intends to proceed with·the taking of testimony of Mr. Eckerle and other witnesses under said notice.

In this state of the case counsel for Mr. Eckerle applied to the presiding judge of this court for a writ of prohibition forbidding said defendants from proceeding further to take the depositions. A preliminary rule, under section 4451 (R. S. 1899), was directed to defendants, who made a return, to which plaintiff has replied.

The matter was then heard before the court as upon motion to make the rule absolute, and the foregoing facts were developed. The only decisive questions which arise are questions of law.

1. The statute under which it is proposed to take the depositions permits a full investigation of facts concerning any wrongful withholding or concealing of assets of an estate as well as embezzlement thereof. The acts of withholding or concealing such property

are consistent with a perfectly honest purpose. Tygard v. Falor, 163 Mo. 234. There is nothing before us to show, and indeed no claim is made, that any infringement of the constitutional immunities of Mr. Eckerle, in respect of testifying against himself, is threatened. And if such a claim were advanced this court would have no jurisdiction to pass upon it in view of the decision of the first division of the Supreme Court in State ex rel. Blakemore v. Rombauer, 101 Mo. 499, which holds that this court has no authority over original writs in cases which involve controversies within the jurisdiction of the Supreme Court.

2. But is the matter wherein the depositions are proposed to be taken a "suit pending?"

The general law of this State (sec. 2877, R. S. 1899) authorizes the taking of depositions by "any party to a suit pending in any court in this State."

What constitutes a "suit" is not easy of precise definition. The case in hand only requires us to decide whether or not the proceedings here in question for the discovery of assets of an estate, which are alleged to be concealed, is a "suit" within the meaning of our law.

It was said by the United States Supreme Court in Cohens v. Virginia, 6 Wheat. 403, that "to commence a suit is to demand something by the institution of process in a court of justice." That definition was reiterated in Ex parte Towles, 48 Tex. 433.

In Weston v. Charleston, 2 Pet. 464, the Federal Supreme Court determined that a writ of prohibition was a suit. In so doing it was declared that:

"The term is certainly a very comprehensive one, and is understood to apply to any proceeding in a court of justice, by which an individual pursues that remedy in a court of justice, which the law affords him. The modes of proceeding may be various, but if a right is litigated between parties in a court of justice, the pro-

ceeding by which the decision of the court is sought, is a suit."

In McPike v. McPike, 10 Ill. App. 332, it was considered that a petition for a reduction of alimony, filed after a divorce decree, is a suit.

In the Sewing Machine Companies case, 18 Wall. 585, it was said that the word "suit" applies to "any proceeding in a court of justice in which the plaintiff pursues his remedy to recover a right or claim."

The Supreme Court of Rhode Island, in the matter of Jenckes (6 R. I. 18), held that an application of a party to take a poor debtor's oath for discharge under the law of that State was a "suit" within the meaning of the law for taking depositions in "any civil suit or action."

In Harris v. Ins. Co., 35 Conn. 312, it was said that a suit meant "any proceeding in a court for the purpose of obtaining such remedy as the law allows a party under the circumstances."

In the case of the Wallis trusts, 23 L. R. Ir. 7, it was held by the master of the rolls in Ireland that the word "suit" is "a term of wider signification than action," and that it included a petition in the chancery division for the appointment of a representative of certain unrepresented residuary legatees of an estate in charge of trustees.

In the case at bar, the statutes (secs. 74-78, R. S. 1899) provide a distinct proceeding for the disclosure of assets of an estate in certain circumstances. The proceeding is special, no doubt; but it comprehends all the essential elements of a suit. It presents a moving party, an adverse party, and it requires a decision by a tribunal invested with jurisdiction to determine it. Tygard v. Falor, 163 Mo. 234. The proceeding is one wherein a trial by jury is expressly authorized.

A grant of power implies a grant of all incidental authority necessary to make the principal grant effect-

ive.   State v. Ryno, 49 N. J. L. 603.   A trial by jury of an issue of fact may require the production of testimony by deposition.   The provision made for such a trial implies that the Legislature regarded the inquiry as in the nature of an action.   We consider that it is within the scope of the intention of the Legislature in the use of the words "suit pending" in section 2877 (R. S. 1899).

3.   But it is further insisted, in the lucid and learned brief for plaintiff, that the probate court has no jurisdiction in the matter of the Linze estate to conduct the inquiry contemplated by section 74 (R. S. 1899), because the moving party is not "a person interested" in that estate.   That, however, is a question not open for our consideration in this suit for a prohibition.   The probate court, by the terms of the statute under discussion, has authority to cite the person charged, and to require him to answer interrogatories after the filing of an affidavit of the executor or administrator or "other person interested in any estate."   It made the citation in the instance under review upon the affidavit of Mr. Linze, the husband of the deceased.   The order in that behalf amounts to a decision by the probate court that he is interested in the estate.   On that fact depends the right to proceed.   But whether the decision of that fact by the probate court is right or wrong can not properly be reviewed in a proceeding for a prohibition.   Coleman v. Dalton, 71 Mo. App. (K. C.) 14; People ex rel. James v. Surrogate's Court, 36 Hun 218.

The writ of prohibition can not correctly be used, in ordinary circumstances, to serve the purpose of a writ of error or of an appeal, when those remedies are adequate to the exigency.   State ex rel. Johnson v. Withrow, 108 Mo. 1; State ex rel. Williams v. Anthony, 65 Mo. App. (K. C.) 543.

The probate court is a court of record (Macey v. Stark, 116 Mo. 481).   It has jurisdiction of the subject-matter of the inquiry; that is to say, it has lawful au-

thority "over *that class of cases.*" Howland v. Railway, 134 Mo. 749. That court has brought the defending party before it in the mode prescribed. If the moving party in the probate court is really not interested in the estate, as claimed by the plaintiff in the suit before this court, it is not our province, at this time and in the mode now proposed, to rectify the error of fact involved in the citation of Mr. Eckerle.

The probate court has authority to pass upon that issue as part of its jurisdiction over the subject-matter of the proceeding. The court is neither without jurisdiction, nor is it exceeding its jurisdiction in the premises.

We discern no valid ground to prohibit the taking of the testimony in said suit by the notary, who is authorized generally to take depositions under the Missouri law (R. S. 1899, sec. 2880).

The preliminary rule is discharged and judgment directed for defendants. *Bland, P. J.*, concurs; *Goode, J.*, absent.